*Pierce* for the plaintiff, *Maybin* for the defendants.

---

### CHANGEUR vs. GRAVIER'S HEIRS.

The heirs are bound only to the amount of what the estate was worth at the death of the ancestor.

If a debtor on receiving a release, bind himself to pay the debt if he becomes able, his heirs will be bound to apply his estate to the discharge of the debt.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. This case was before us in June, 1824, and we remanded it, because the record did not enable us to ascertain the portion of the released debts which the estate can pay. *Vol.* 2, 545.

The plaintiff contends that a piece of property, known under the appellation of the bat-

East'n. District.
*July* 1825.

CHANGEUR
*vs.*
GRAVIER'S
HEIRS.

ture of the faubourg St. Mary, which makes part of the estate of B. Gravier, ought to be valued at $100,000, which is admitted to have been its actual value in 1820, when under a judgment of this court, this property was, it is said, finally divided among the defendants; it having been decreed the preceding year to be their common property. 6 *Martin*, 281. *Gravier & al.* vs. *Livingston & al.*

The defendants urge that this property ought to be valued, between the plaintiff and them, at its value in 1793, at the death of their ancestor.

2. The defendants further hold they are not liable for any part of the released seventy-five per cent. unless their ancestor, at his death, had come to so good a fortune, as to be able to pay the whole amount of these released debts with interest.

I. On the first question we are of opinion that the heirs are chargeable only for the value of the batture, at its value at the time of their ancestor's death, viz. $10,000. It appears this piece of property was, long before our decree, in possession of one of the heirs, who disposed of the whole, and that afterwards the other heirs sued, and recovered their part of it from the vendees.

East'n. District.
*July* 1825.

CHANGEUR
*vs.*
GRAVIER'S
HEIRS.

II. If, at the death of B. Gravier, he had property sufficient to discharge a part of the released debts, we think his heirs are bound to distribute the proceeds of his estate, among the creditors; their ancestor promised that " If God blessed his endeavors, he would pay them their whole claims, principal and interest, when his situation would allow it."

The facts of the case show that, after paying B. Gravier's debts in Louisiana, there remained a balance of $39,542 75, to be applied to the payment of his debts in Bordeaux. These debts are shewn to have amounted at his failure, to $53,671. For one fourth of these he promised to pay at 12, 18, and 24 months, & after a period of upwards of forty years, they must, in the absence of any proof of their remaining due, be presumed to have been discharged; except that of the present plaintiff, which is demanded and we have said is not prescribed, equal to the nett proceeds of the estate after the payment of the debts posterior to the concordate.

The plaintiff is therefore entitled to the one fourth of the original debt, which was to be paid absolutely, and to his dividend, on the balance, left from the sum of $39,442 75, after the deduction of the fourth of his original debt.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be amended in the following manner, that is, that judgment be entered in favor of the plaintiff, 1st. For the sum of $571, with interest on a third of the sum, since the 29th July, 1785, on a third since the 27th January,1786, and on the other third since the 28th July,of the same year, at the rate of five per cent. per annum, making the further sum of $1137, 2d. For the sum of $1696, with interest at the rate of 5 per cent. per annum, since the 13th of July, 1821; being the further sum of $338, making in all the two sums and interest, the total amount of $3742;to be paid one fourth by each of the defendants, with interest, until paid at the rate assigned.

It is further ordered,that the defendants pay the costs of the court below,and the defendants and appellee pay those in this court.

*Dennis* for the plaintiff, *Derbigny* for the defendants.